**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA, AMERICAN BANKERS
INSURANCE COMPANY OF FLORIDA and
AMERICAN RELIABLE INSURANCE COMPANY**                          **PLAINTIFFS**

**V.**                                                                                            **CASE NO. 3:05CV68**

**SHERRY MOORE**                                                                  **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's motion to dismiss [8-1] and the plaintiffs' motion for summary judgment [12-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs in this case are several insurance companies who are defendants in the case of Walton et al v. Tower Loan et al, Cause No. 14-CI-02-0170 in the Coahoma County Circuit Court. The defendant is Sherry Moore, a Mississippi resident who is one of several plaintiffs in the Walton litigation and who is alleged to have signed arbitration agreements with the insurance companies. The Walton plaintiffs, including Gentry, filed the action in January of 2003, and the Walton defendants subsequently removed it to federal court. On July 1, 2004, the insurance companies also filed several separate complaints in federal court against various Walton plaintiffs who had signed arbitration agreements with them. In an order dated September 28, 2004, this Court remanded the Walton action back to Coahoma County. See Walton v. Tower Loan, Case No. 2:03cv181 (N.D. Miss. September 28, 2004). Later, in separate orders, the Court granted the insurance companies separate motions to compel arbitration against several of those parties who were defendants in the

federal court action. See America Bankers Life Assurance Company of Florida v. Mister, 344 F.Supp.2d 966, 969 (N.D. Miss. 2004)(granting motion to compel arbitration); American Bankers Life Assurance Company of Florida v. Moore, Case No.: 3:04cv91 (N.D. Miss. Nov. 10, 2004)(same); American Bankers Life Assurance Company of Florida v. Gentry, Case No. 3:04cv122 (N.D. Miss. Dec. 29, 2004)(same). On June 6, 2005, the insurance companies filed the instant action against Sherry Moore, yet another Walton plaintiff.

Like her fellow travelers before her, Moore makes arguments identical to those raised by previous Walton plaintiffs in her defense against arbitration. First, she argues that the insurance companies have waived their rights to arbitration by failing to promptly assert them and by participating in the litigation process. However, it appears to this Court that the delay was only in learning that Moore was a signatory to an arbitration agreement and that the insurance companies moved expeditiously to compel arbitration once apprized of that detail. Certainly, the insurance companies have been quite diligent about asserting their rights to arbitration with regard to the many other Walton plaintiffs with whom this issue has come up.

Second, Moore argues that the insurance companies' motion for summary judgment is "not ripe" because there are issues pertaining to unconscionability, lack of consideration and non-disclosure which preclude granting summary judgment until the parties have had an opportunity to complete discovery on issues pertaining to the formation of the arbitration agreement. The Court has previously addressed this argument, most notably in the Court' unpublished opinion in American Bankers Life Assurance Company of Florida v. Gentry, Case No. 3:04cv122 (N.D. Miss. Dec. 29, 2004):

The Court is intrigued by Gentry's suggestion that she requires discovery in order to

> demonstrate unconscionability, lack of consideration and non-disclosure. After all, Gentry was a party to the contract at issue, she was present at the formation of the contract, and she is in possession of copies of the contracts she signed. The Court fails to see what sort of discovery other than the contracts themselves and her own firsthand knowledge of their formation might aid Gentry in proving that the contracts were the product of unconscionability, lack of consideration and non-disclosure.

Gentry, Case No. 3:04cv122 (N.D. Miss. Dec. 29, 2004).

The Court finds its reasoning in Gentry to be equally applicable to the case at bar. Accordingly, the defendants' motion to dismiss is DENIED, and the plaintiff's motion for summary judgment is GRANTED. A separate order to that effect shall issue this day.

This is the 12th day of June, 2006.

                                          /s/ Michael P. Mills
                                          **UNITED STATES DISTRICT JUDGE**